[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11970
Non-Argument Calendar

_____

D.C. Docket Nos. 9:16-cv-80306-DTKH,
9:12-cr-80211-DTKH-12

TERRENCE DEMETRIUS NESBITT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

No. 16-13868
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-60923-WPD,
0:12-cr-60279-WPD-4

TERENCE DEMETRIUS NESBITT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 8, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Terrence Nesbitt appeals the dismissal of two *pro se* 28 U.S.C. § 2255 motions to vacate sentences. Nesbitt argues that the district court erred by dismissing his 28 U.S.C. § 2255 motions to vacate as time-barred.

We review *de novo* the district court's determination that a § 2255 motion to vacate is time-barred. *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007).

There is a one-year statute of limitations for filing a § 2255 motion to vacate, which begins to run following the date on which the judgment of conviction becomes final or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

2

and made retroactively applicable to cases on collateral review. *Id.*; *see also* 28 U.S.C. §2255(f)(1), (3). When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). A defendant has 14 days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A).

In March 2017, the Supreme Court held that the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause, such that the residual clause in the career-offender guideline, U.S.S.G. § 4B1.2(a), is not void for vagueness. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). As a result, our decision in *Matchett* that *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not extend to the advisory sentencing guidelines remains good law. *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015).

The district court did not err by dismissing Nesbitt's 28 U.S.C. § 2255 motions to vacate as time-barred because neither of Nesbitt's motions was filed within the one year statute of limitations. Nesbitt filed his motions more than a year after the judgments became final and the right he was asserting in his motions had not been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Accordingly, we affirm.

**AFFIRMED.**

3